IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MYOKARDIA, INC. and<br>BRISTOL-MYERS SQUIBB COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| DR. REDDY'S LABORATORIES, LTD. and<br>DR. REDDY'S LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

1. Plaintiffs MyoKardia, Inc. ("MyoKardia") and Bristol-Myers Squibb Company ("BMS") (MyoKardia and BMS together, "Plaintiffs") file this Complaint for patent infringement against Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") and Dr. Reddy's Laboratories, Inc. ("DRL Inc.") (DRL Ltd. and DRL Inc. together, "DRL"), and by their attorneys, hereby allege as follows:

2. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of the submission of an Abbreviated New Drug Application ("ANDA") by DRL Ltd., acting in concert with DRL Inc., to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, use, offer for sale, sell, distribute, and/or import a generic version of Camzyos® (mavacamten) capsules, 2.5 mg, 5 mg, 10 mg, and 15 mg, prior to the expiration of U.S. Reissue Patent No. 50,050 ("the RE'050 patent") and U.S. Patent No. 9,585,883 ("the '883 patent"). These patents are referred to together herein as the "Patents-in-Suit."

3.      DRL notified Plaintiffs by letter dated June 5, 2026, and received no earlier than June 8, 2026 ("DRL's Notice Letter"), that it had submitted to the FDA ANDA No. 221637 ("DRL's ANDA"), seeking approval from the FDA to manufacture, use, offer for sale, sell, distribute and/or import mavacamten capsules, 2.5 mg, 5 mg, 10 mg, and 15 mg ("DRL's ANDA Product") prior to the expiration of the Patents-in-Suit.

## PARTIES

4.      Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

5.      Plaintiff MyoKardia is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1000 Sierra Point Parkway, Brisbane, California 94005.

6.      Plaintiff BMS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Route 206 and Province Line Road, Princeton, New Jersey 08543.

7.      BMS is the holder of New Drug Application ("NDA") No. 214998 for the marketing and sale of Camzyos® (mavacamten) capsules, 2.5 mg, 5 mg, 10 mg, and 15 mg, which has been approved by the FDA.

8.      On information and belief, DRL Ltd. is a corporation organized and existing under the laws of India, having a place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India.

9.      On information and belief, DRL Inc. is a corporation organized and existing under the laws of New Jersey with a principal place of business located at 600 College Road East, 4th Floor, Princeton, New Jersey, 08540.

2

10.     On information and belief, DRL Inc. is the U.S. subsidiary of DRL Ltd., acts at the direction, and for the benefit, of DRL Ltd., and is controlled and/or dominated by DRL Ltd.  Alternatively, on information and belief, DRL Inc. and DRL Ltd. act at the direction, and for the benefit, of a common corporate parent, and are controlled and/or dominated by said common corporate parent.

11.     Based on the contents of DRL's Notice Letter, DRL Ltd. is the submitter of DRL's ANDA.  DRL's Notice Letter includes DRL Inc. only on its signature line and Service of Process Transmittal Summary.

12.     DRL is in the business of, among other things, manufacturing, using, offering for sale, selling, distributing, and/or importing generic versions of branded pharmaceutical products for the U.S. market.

## **JURISDICTION**

13.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

14.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15.     This Court has personal jurisdiction over Defendant DRL Ltd.

16.     DRL Ltd. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, DRL Ltd., acting in concert with DRL Inc., manufactures, uses, offers to sell, sells, distributes and/or imports generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

3

17. On information and belief, DRL Ltd. knows and intends that following any approval of DRL's ANDA No. 221637, DRL Ltd. will, in concert with DRL Inc., manufacture and import into the United States DRL's ANDA Product and directly or indirectly market, use, offer for sale, sell, and/or distribute DRL's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of ANDA No. 221637, DRL Ltd. knows and intends that DRL's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

18. Alternatively, if DRL Ltd.'s connections with Delaware are found to be insufficient to confer personal jurisdiction, then upon information and belief, DRL Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over DRL Ltd. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

19. This Court has personal jurisdiction over Defendant DRL Inc.

20. DRL Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, DRL Inc., acting in concert with DRL Ltd., manufactures, uses, offers to sell, sells, distributes and/or imports generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

21. On information and belief, DRL Inc. knows and intends that following any approval of DRL's ANDA No. 221637, DRL Inc. will, in concert with DRL Ltd., manufacture and import into the United States DRL's ANDA Product and directly or indirectly market, use, offer

4

for sale, sell, and/or distribute DRL's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of ANDA No. 221637, DRL Inc. knows and intends that DRL's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## VENUE

22. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

23. Venue is proper in this district for DRL Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, DRL Ltd. is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

24. Venue is proper in this district as to DRL Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, DRL Inc. is subject to personal jurisdiction in this judicial district.

25. In addition, venue is proper in this district as to DRL because DRL Ltd. and DRL Inc. regularly engage in patent litigation concerning FDA-approved branded drug products in this judicial district and do not contest venue in this judicial district. *See Bayer HealthCare Pharmaceuticals Inc. et al. v. Dr. Reddy's Labs., Ltd. & Dr. Reddy's Labs., Inc.*, C.A. No. 25-1299, D.I. 14 (D. Del. Jan. 28, 2026) (DRL not contesting venue when answering complaint); *Bayer HealthCare Pharmaceuticals Inc. et al. v. Dr. Reddy's Labs., Ltd. & Dr. Reddy's Labs., Inc. et al.*, C.A. No. 25-1246, D.I. 36 (D. Del. Mar. 19, 2026) (same); *Horizon Therapeutics USA Inc. et al. v. Dr. Reddy's Labs., Ltd. & Dr. Reddy's Labs., Inc.*, C.A. No. 23-623, D.I. 12 (D. Del. July 14, 2023) (same); *Bayer Pharma AG et al. v. Dr. Reddy's Labs., Ltd. & Dr. Reddy's Labs., Inc.*, C.A. No. 23-410, D.I. 10 (D. Del. Aug. 14, 2023) (same); *Boehringer Ingelheim Pharmaceuticals Inc. et al v. Dr. Reddy's Labs., Ltd. & Dr. Reddy's Labs., Inc.*, C.A. No. 22-1102,

D.I. 9 (D. Del. Sept. 22, 2022) (same); *Novartis Pharmaceuticals Corporation v. Dr. Reddy's Labs., Ltd. & Dr. Reddy's Labs., Inc.*, C.A. No. 22-498, D.I. 12 (D. Del. May 10, 2022) (same); *see also Indivior Inc. v. Dr. Reddy's Labs., Inc. et al.*, C.A. No. 17-711, D.I. 12 (D. N.J. Dec. 22, 2017) (DRL Inc. seeking to transfer ANDA case to D. Del.).

## FACTUAL BACKGROUND

26.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

27.     Camzyos®, which contains the active ingredient mavacamten, is a cardiac myosin inhibitor used to treat adults with obstructive hypertrophic cardiomyopathy.

28.     DRL's ANDA Product is a generic version of Plaintiffs' Camzyos®.

## COUNT I – INFRINGEMENT OF THE RE'050 PATENT

29.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

30.     The RE'050 patent, entitled "Pyrimidinedione Compounds" (attached as Exhibit A), was duly and legally issued on July 23, 2024.

31.     Plaintiff MyoKardia is the owner and assignee of the RE'050 patent. Plaintiffs have all right, title, and interest in the RE'050 patent.

32.     The RE'050 patent claims recite, *inter alia*, a series of specifically defined compounds, including mavacamten.

33.     Camzyos® is covered by one or more claims of the RE'050 patent, including claim 20 of the RE'050 patent, and the RE'050 patent has been listed in connection with Camzyos® in the FDA's Orange Book.

34.     In DRL's Notice Letter, DRL notified Plaintiffs of the submission of DRL's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product prior to the expiration of the RE'050 patent.

35.     In DRL's Notice Letter, DRL also notified Plaintiffs that, as part of its ANDA, DRL had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the RE'050 patent.  DRL submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the RE'050 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product.  Plaintiffs are filing this Complaint within forty-five days of receipt of DRL's Notice Letter.

36.     DRL's Notice Letter and accompanying statement do not identify a factual or legal basis to support noninfringement of the RE'050 patent.

37.     DRL's ANDA Product is covered by at least claim 20 of the RE'050 patent.

38.     DRL's ANDA Product is not suitable for substantial non-infringing use. DRL plans and intends to, and will, contribute to infringement of the RE'050 patent after approval of DRL's ANDA.

39.     DRL's submission of DRL's ANDA for the purpose of obtaining approval to engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product before the expiration of the RE'050 patent was an act of infringement of one or more claims of the RE'050 patent under 35 U.S.C. § 271(e)(2)(A).

7

40. DRL will engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of its ANDA.

41. The manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the RE'050 patent, including, *inter alia*, claim 20 of the RE'050 patent.

42. Notwithstanding DRL's knowledge of the claims of the RE'050 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL's ANDA Product with its product labeling following FDA approval of DRL's ANDA prior to the expiration of the RE'050 patent.

43. The foregoing actions by DRL constitute and/or will constitute infringement of one or more claims of the RE'050 patent under 35 U.S.C. §§ 271(a)–(c).

44. Plaintiffs will be substantially and irreparably damaged by infringement of the claims of the RE'050 patent.

45. Unless DRL is enjoined from infringing, actively inducing infringement, and contributing to infringement of the claims of the RE'050 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE RE'050 PATENT

46. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

47. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on

8

the one hand and DRL on the other regarding DRL's infringement of one or more claims of the RE'050 patent.

48.    The Court should declare that the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product with its proposed labeling will infringe the RE'050 patent under 35 U.S.C. §§ 271(a)–(c).

## COUNT III – INFRINGEMENT OF THE '883 PATENT

49.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

50.    The '883 patent, entitled "Pyrimidinedione Compounds" (attached as Exhibit B), was duly and legally issued on March 7, 2017.

51.    Plaintiff MyoKardia is the owner and assignee of the '883 patent. Plaintiffs have all right, title, and interest in the '883 patent.

52.    The '883 patent claims recite, *inter alia*, a method of treating hypertrophic cardiomyopathy (HCM), comprising administering to a subject in need thereof an effective amount of at least one of a series of compounds, including mavacamten.

53.    The method of using Camzyos® is covered by one or more claims of the '883 patent, including claim 18 of the '883 patent, and the '883 patent has been listed in connection with Camzyos® in the FDA's Orange Book.

54.    In DRL's Notice Letter, DRL notified Plaintiffs of the submission of DRL's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product prior to the expiration of the '883 patent.

9

55.    In DRL's Notice Letter, DRL also notified Plaintiffs that, as part of its ANDA, DRL had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '883 patent.  DRL submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '883 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product.  Plaintiffs are filing this Complaint within forty-five days of receipt of DRL's Notice Letter.

56.    DRL's Notice Letter and accompanying statement do not identify a factual or legal basis to support noninfringement of the'883 patent.

57.    The use of DRL's ANDA Product in accordance with DRL's proposed labeling is covered by at least claim 18 of the '883 patent.

58.    The use of DRL's ANDA Product in accordance with and as directed by DRL's proposed labeling for DRL's ANDA Product would infringe at least claim 18 of the '883 patent.

59.    DRL's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  DRL plans and intends to, and will, contribute to infringement of the '883 patent after approval of DRL's ANDA.

60.    DRL's submission of DRL's ANDA for the purpose of obtaining approval to engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product before the expiration of the '883 patent was an act of infringement of one or more claims of the '883 patent under 35 U.S.C. § 271(e)(2)(A).

61. DRL will engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of its ANDA.

62. DRL plans and intends to, and will, actively induce infringement of the '883 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '883 patent and specific intent to infringe that patent.

63. Notwithstanding DRL's knowledge of the claims of the '883 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL's ANDA Product with its product labeling, following FDA approval of DRL's ANDA prior to the expiration of the '883 patent.

64. The foregoing actions by DRL constitute and/or will constitute infringement of one or more claims of the '883 patent, active inducement of infringement of one or more claims of the '883 patent, and contributory infringement of one or more claims of the '883 patent under 35 U.S.C. §§ 271(a)–(c).

65. Plaintiffs will be substantially and irreparably damaged by infringement of the claims of the '883 patent.

66. Unless DRL is enjoined from infringing, actively inducing infringement of, and contributing to infringement of the claims of the '883 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '883 PATENT

67. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

68.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and DRL on the other regarding DRL's infringement, active inducement of infringement by others of one or more claims of the '883 patent, and contributory infringement of one or more claims of the '883 patent.

69.    The Court should declare that the manufacture, use, offer for sale, sale, distribution, and/or importation of DRL's ANDA Product with its proposed labeling will infringe, induce the infringement by others of, and contribute to the infringement by others of, the '883 patent, under 35 U.S.C. §§ 271(a)–(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

a)    A judgment that one or more claims of each of the Patents-in-Suit has been infringed under 35 U.S.C. § 271(e)(2) by DRL's submission to the FDA of DRL's ANDA;

b)    A judgment ordering that the effective date of any FDA approval of DRL's ANDA be not earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

c)    Preliminary and permanent injunctions enjoining DRL, and all persons acting in concert with DRL, from the manufacture, use, offer for sale, sale, distribution, and/or importation into the United States of DRL's ANDA Product, or any other drug product covered by or whose use is covered by one or more claims of one or more of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

d)      A permanent injunction enjoining DRL, and all persons acting in concert with DRL, from practicing any invention claimed in the Patents-in-Suit, or from actively inducing or contributing to the infringement of any claim of the Patents-in-Suit, until after the expiration of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

e)      A judgment declaring that the commercial manufacture, use, offer for sale, sale, distribution, and/or importation into the United States of DRL's ANDA Product, or any other drug product that is covered by or whose use is covered by one or more claims of one or more of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, will infringe and/or contribute to and/or induce the infringement of the Patents-in-Suit;

f)      To the extent DRL has committed any acts with respect to the inventions claimed in the Patents-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a judgment awarding Plaintiffs damages for such acts;

g)      If DRL engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of DRL's ANDA Product prior to the expiration of the Patents-in-Suit, a judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

h)      A judgment declaring that the Patents-in-Suit remain valid and enforceable;

i)      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

j)      Plaintiffs' costs and expenses in this action; and

k)      Such further and other relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs MyoKardia, Inc.
and Bristol-Myers Squibb Company*

OF COUNSEL:

Stanley E. Fisher
Thomas S. Fletcher
Elise M. Baumgarten
Christopher A. Yeager
Catherine A. Reid
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC  20024
(202) 434-5000

July 14, 2026

14